Clayton L. Everett, State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re:<br>Shah Nawaz Farash and Nighat Shah Farash,<br><br>Debtors, | Case No. 22-41353-mxm<br>Chapter 13 |

**DEBTORS' RESPONSE OPPOSED TO
NATURAL FASHIONS, INC.'S
MOTION TO DISMISS BANKRUPTCY CASE**

Shah Nawaz Farash and Nighat Shah Farash, ("Debtors") file this response in opposition to Natural Fashions, Inc.'s *Motion to Dismiss Bankruptcy Case* ("Motion") [Dkt. No. 56].

1. Debtors admit the allegations in paragraph 1.

2. Debtors admit the allegations in paragraph 2.

3. Debtors admit the allegations in paragraph 3.

4. Debtors admit the allegations in paragraph 4.

5. Debtors admit the allegations in paragraph 5.

6. Debtors admit the allegations in paragraph 6.

7. Debtors admit the allegations in paragraph 7.

8. Debtors deny the allegations in paragraph 8.

9. Debtors admit the allegations in paragraph 9.

10. Debtors admit the allegations in the first sentence of paragraph 10 but deny all other allegations in the same paragraph.

11. Debtors deny the allegations in paragraph 11.

Debtors' Response Opposed to Natural Fashions, Inc.'s Motion to Dismiss

12. Debtors deny the allegations in paragraph 12.

13. Debtors deny the allegations in paragraph 13.

14. Debtors deny the allegations in paragraph 14.

### Further Response

15. Natural Fashions argues that this case should be dismissed as filed in bad faith because 1) Natural Fashion's debt is nondischargeable in this chapter 13 bankruptcy proceeding, 2) the Debtors are inflating their expenses and therefore not committing all their disposable income over the proposed plan's term, and 3) the proposed *de minimus* plan payments are an unfair manipulation of the bankruptcy code.

16. Debtors ask this court to deny the motion because the Debtors are entitled to use the protections afforded debtors under chapter 13 of the bankruptcy code and because the Debtors filed this case to pay their debts in an orderly fashion under the terms of the proposed chapter 13 plan.

17. <u>The Debtors are eligible for a chapter 13 discharge</u>. The Debtors received a discharge in a prior chapter 7 bankruptcy case which was filed on May 31, 2018.[1] On June 16, 2022—approximately four years and sixteen days after their previous chapter 7 filing—Debtors filed the above-captioned bankruptcy proceeding under chapter 13. Upon completion of payments under a confirmed plan, the Debtors will be eligible for a chapter 13 discharge under § 1328(a) in this case because the prior chapter 7 case was filed more than four years before the present chapter 13 case was filed.[2] Even if the debt held by Natural Fashions is determined to be nondischargeable in this

---

[1] Bankruptcy Case No. 18-42120-elm7
[2] See § 1328(f)(1).

Debtors' Response Opposed to Natural Fashions, Inc.'s Motion to Dismiss

chapter 13 case, that fact should not prevent the Debtors from seeking the bankruptcy protections afforded by chapter 13.[3]

18. <u>The Debtors filed this case and plan in good faith</u>. The Debtors filed this bankruptcy proceeding seeking the protection of the bankruptcy court and the automatic stay after Natural Fashions had a receiver appointed to collect on its judgment resulting in the seizure of all the Debtors' bank accounts. Mr. Farash is self-employed and relies on the use of his bank accounts to operate his garment wholesale business which is his sole means of supporting his family. Mrs. Farash is not employed outside the home where she raises their two children. The Debtors scheduled approximately $6,000 worth of non-exempt property including $4,000 held in prepetition seized by Chase Bank, $500 held in cash, and a 2010 Volkswagon Routan with 116,341 miles worth about $1,575 according to the NADA.

19. The Debtors propose to make chapter 13 payments for the maximum period permitted by law in an amount equal to their total projected disposable income. While this is undoubtedly not enough for Natural Fashions, it is all that the legitimate policies bankruptcy can and should demand in these circumstances.[4]

20. Finally, to the extent that Natural Fashions challenges the amount of disposable income available to the Debtors, that issue is better suited for resolution during the confirmation process of the proposed plan. The Natural Fashions and Debtors have agreed to a 2004 Examination on December 14, 2022, which will undoubtedly explore this issue, among others, more thoroughly. Confirmation is currently set for a hearing on December 15, 2022. In other words, the Debtors

---

[3] Recognizing some of the occasions where a debtor may file a chapter 13 case even when a discharge is not available, including the orderly repayment of debts through a plan. 8 Collier on Bankruptcy P 1328.06 (16th 2022).
[4] *See Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 273 B.R. 87, 95 (B.A.P. 6th Cir. 2002) (overruling objection by creditor "who apparently would not be satisfied with less than the infliction of constant pain and suffering for the debtor forever").

Debtors' Response Opposed to Natural Fashions, Inc.'s Motion to Dismiss

agree to pay their projected disposable income over the term of the plan. If that number is greater than on their current schedules I and J, the Debtors will amend their schedules and the plan accordingly.

For these reasons, the motion should be denied.

DATED: November 17, 2022.                Respectfully submitted:


By:   /s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817)704-3984
Attorney for Shah Farash and Nighat Farash


**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2022, a true and correct copy of the foregoing document was served to all parties receiving notice electronically in this case via the CM/ECF system.

/s/ Clayton L. Everett
Clayton L. Everett